**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER-OPINION & ORDER**

May 11, 2005

Andrew S. Bosin, Esq.
Davis Saperstein & Salomon
375 Cedar Lane
Teaneck, NJ 07666

Thomas C. Weisert, Esq. & Marilyn Sneirson, Esq.
Kirkpatrick & Lockhart
One Newark Center, 10 Fl.
Newark, NJ 07102

    Re:    <u>Dandria v. Sunrise Senior Living, Inc., et al.</u>
            <u>Civil Action No.: 04-3718 (JLL)</u>

Dear Counsel:

**Introduction**

    This matter is before the Court on the motion of Defendants for dismissal of Counts One and Two of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(c). The Court has considered the parties' submissions in support of and in opposition to the motion. There was no oral argument. <u>See</u> Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

**Background Facts**

    Plaintiff commenced this action against her former employer, Sunrise Senior Living, Inc.; and her former supervisor, Luke J. Fannon, on or about August 5, 2004. Thereafter, Plaintiff filed two amended complaints, in which she added as defendants Sunrise's Area Manager of Operations, Cathy Guttman; and Sunrise's Regional Vice President of Operations, Stephanie

Handelson.  The facts as set forth below are contained in the Third Amended Complaint,[1] which was filed on or about December 23, 2004.  The Complaint alleges, inter alia, hostile work environment sexual harassment (Count One) and aiding and abetting of that harassment by Mr. Fannon (Count Two) in violation of New Jersey's Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq.

Plaintiff was an employee of Sunrise from October 13, 2003 through November 29, 2004.  Mr. Fannon, Sunrise's Vice President of Sales and Marketing for New Jersey, was Plaintiff's supervisor during her employment.  During this period, Sunrise had an anti-harassment policy in place.

The complained of behavior began on December 17, 2003, when Plaintiff attended a meeting with Mr. Fannon and Ms. Guttman.[2]  At that meeting, Mr. Fannon, "in an intimidating manner, started to yell and scream obscenities at Plaintiff."  (Third Am. Compl. ¶ 17.)  Ms. Guttman then left the room, and Mr. Fannon called Plaintiff a "stupid woman."  (Id. ¶ 18.)  Thereafter, from January through March of 2004, Mr. Fannon frequently "yelled and screamed at Plaintiff, often using profanity when doing so."  (Id. ¶ 19.)

On May 7, 2004, while Plaintiff was riding with Mr. Fannon in his car, he stated to her, "I'm the only horse in town [sic] you better get on and ride me."  (Id. ¶ 21.)  During the return trip in the car, Plaintiff asked Mr. Fannon about her six-month review.  Mr. Fannon responded that he was placing her on an extended probationary period and putting her on a development plan.  (Id. ¶¶ 23-24.)  On that same day, Mr. Fannon told Plaintiff she was a "stupid woman" for complaining about him to Ms. Handelson.  (Id. ¶ 23.)

On June 17, 2004, Plaintiff complained to Tim Reilly, Sunrise's regional Human Resource Director, about Mr. Fannon's degrading treatment and inappropriate comments.  (Id. ¶ 24.)  Plaintiff told Mr. Reilly that she could not work under such conditions, and that Mr. Fannon had extended her probationary period and put her on a development plan.  (Id. ¶¶ 24-25.)  Mr. Reilly told Plaintiff that a six-month probationary period could only be extended before those six months elapsed, which had already occurred.  (Id. ¶ 26.)

Defendants move to dismiss Counts One and Two of Plaintiff's Complaint for failure to

---

[1] Defendants filed this motion to dismiss on November 3, 2004.  Thereafter, they consented to the filing of Plaintiff's Second Amended Complaint.  Defendants note in their reply brief that the allegations at issue here in Counts One and Two remain unchanged.  Plaintiff thereafter filed a Third Amended Complaint, in which the allegations of Counts One and Two remain unchanged as well.  The Court shall refer to Plaintiff's Third Amended Complaint as the "Complaint."

[2] For purposes of this motion, the Court considers as true all allegations in the Complaint.  See, e.g., S. Camden Citizens in Action v. N.J. Dep't of Envtl. Prot., 254 F. Supp. 2d 486, 493 (D.N.J. 2003).

state a claim upon which relief may be granted. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367(a).

## Discussion

I.    *Legal Standard*

The same standard governs Rule 12(c) as that which governs Rule 12(b)(6). <u>Turbe v. Gov't of Virgin Islands</u>, 938 F.2d 427, 428 (3d Cir. 1991). The Court "must accept as true the allegations in the complaint and its attachments, as well as all reasonable inferences construed in the light most favorable to the plaintiff." <u>S. Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.</u>, 254 F. Supp. 2d 486, 493 (D.N.J. 2003). The Court may not, however, "assume that [Plaintiff] can prove any facts that [she] has not alleged." <u>Christy v. We The People Forms & Serv. Ctrs.</u>, 213 F.R.D. 235, 238 (D.N.J. 2003) (internal quotes and citation omitted). Dismissal of claims under Rule 12(c) is proper only where "it appears certain that the plaintiff cannot prove any set of facts in support of [her] claims which would entitle [her] to relief." <u>Rolax v. Whitman</u>, 175 F. Supp. 2d 720, 725 (D.N.J. 2001).

II.    *Analysis*

    A.    <u>Count One: Hostile Work Environment Sexual Harassment</u>

Under the LAD, a plaintiff, in order to make a prima facie case for hostile work environment sexual harassment, must show (1) that the complained of conduct would not have occurred but for the employee's gender; and (2) that it was severe or pervasive enough to make (3) a reasonable woman believe that (4) the conditions of employment were altered in such a way as to render the working environment hostile or abusive. <u>Lehmann v. Toys R Us, Inc.</u>, 132 N.J. 587, 604 (1993).

Defendants argue that Plaintiff fails to plead sufficient facts to meet the second, third and fourth prongs of a hostile work environment under <u>Lehmann</u>. Specifically, Defendants argue that the complained of conduct does not rise to the level of severity or pervasiveness necessary to make a reasonable woman believe that the work environment has been altered. Plaintiff counters that her allegations are sufficiently severe and pervasive.

It is settled that a hostile work environment claim may be satisfied by either one severe incident or the compilation of multiple incidents. See <u>Lehmann</u>, 132 N.J. at 606-07. A complaint may be sustained where it alleges numerous incidents that, when taken individually, would be "insufficiently severe to state a claim, but [when] considered together are sufficiently pervasive to make the work environment intimidating or hostile." <u>Id</u>. at 607. The complained of conduct does not need to be sexual in nature, but need only occur because of the victim's sex. <u>Id</u>. at 602.

This Court finds that Plaintiff has pled sufficient facts to withstand Defendants' motion to dismiss. As discussed, this Court must accept Plaintiff's allegations as true and give her all reasonable inferences construed in the light most favorable to her. See S. Camden, 254 F. Supp. 2d at 493. Plaintiff has alleged at least three incidents of inappropriate gender-based comments – the "only horse in town" and the two "stupid woman" statements – and several incidents of intimidating and harassing behavior, such as yelling and screaming and using profanity towards her. The "stupid woman" comments are unequivocally based on Plaintiff's gender, and the Court infers that the "only horse" comment is sexual in nature, as it could reasonably be construed as a sexual advance or an invitation for a quid pro quo arrangement. In light of the gender-based nature of these three comments, the Court may permissibly infer that the other allegations of yelling, profanity, and the like were also the result of Plaintiff's status as a woman. See id. (non-movant gets all reasonable inferences); Lehmann, 132 N.J. at 602 (alleged behavior need not be sexual to be actionable); cf. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) ("When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to ... create an abusive working environment,' Title VII is violated.") (internal citations omitted).

While these allegations, standing alone, are probably insufficiently severe under the LAD, combined these are adequately pervasive for purposes of this motion. See Lehmann, 132 N.J. at 607. The alleged incidents began in December of 2003 and continued through June of 2004. The objectionable behavior thus occurred over the course of several months. Additionally, Plaintiff supposedly made many complaints over these months concerning Mr. Fannon's conduct and how it affected her. For these reasons, Defendants' motion to dismiss Count One of Plaintiff's Complaint is DENIED as to Defendant Sunrise.

    B.    <u>Count One: Individual Liability of Mr. Fannon</u>

Defendants further argue that a supervisor cannot be held individually liable under the LAD for hostile work environment, and that Count One should therefore be dismissed insofar as it is directed against Mr. Fannon in his individual capacity.

The LAD prohibits unlawful employment practices only by an "employer," and an individual supervisor is not an "employer" under the statute. See N.J.S.A. § 10:5-12(a); Herman v. Coastal Corp., 348 N.J. Super. 1, 24 (App. Div. 2002). Further, a supervisor cannot be held individually liable for discrimination where there is no indication that the employee's claim is founded on an aiding-and-abetting theory. See Herman, 348 N.J. Super. at 28 (citing Kennedy v. Chubb Group of Ins. Cos., 60 F. Supp. 2d 384, 390 (D.N.J.1999)). "[U]nless liability under NJLAD is imposed under §10:5-12(e), the section which prohibits individuals from aiding and abetting another's violation of NJLAD, the Third Circuit has held that there is no individual liability for supervisors under §10:5-12(a) of the NJLAD." Kennedy, 60 F. Supp. 2d at 390.

As this case law demonstrates, Plaintiff cannot seek redress against Mr. Fannon individually under Count One, because he does not meet the definition of "employer" under the LAD. As a supervisor, Mr. Fannon is subject to liability only under §10:5-12(e), which is the

aiding and abetting provision.  Kennedy, 60 F. Supp. 2d at 390.  Therefore, Defendants' motion to dismiss Count One against Mr. Fannon in his individual capacity is GRANTED.

      C.     Count Two: Aiding and Abetting

Defendants argue that Plaintiff cannot demonstrate aiding and abetting by Mr. Fannon, because this claim is premised on a viable hostile environment claim.  The LAD makes it unlawful for a person to "aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the LAD], or to attempt to do so."  N.J.S.A. 10:5-12(e).  For an employee to be liable for aiding and abetting a violation of the LAD, "the party whom the [employee] aids must perform a wrongful act that causes an injury."  Tarr v. Ciasulli, 181 N.J. 70, 84 (2004) (internal quotes and citations omitted).

Defendants have raised no other objection to the aiding and abetting claim other than that Plaintiff has failed to state a hostile work environment claim.  The Court has held that Plaintiff's hostile work environment claim remains viable at this time.  Consequently, Count Two of Plaintiff's Complaint survives this motion.  Defendants' motion to dismiss Count Two is DENIED.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss Count One is DENIED except insofar as it is directed at Defendant Fannon in his individual capacity.  Defendants' motion to dismiss Count Two is DENIED.

SO ORDERED.

                                  /s/ Jose L. Linares
                                  United States District Judge